# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
# WESTERN DIVISION

FRANK WAYNE JOHNSON, #06708-097                                    PETITIONER

VERSUS                                      CIVIL ACTION NO. 5:04cv64-DCB-JCS

MICHAEL PETTIFORD                                                  RESPONDENT

## ORDER

This matter comes before the Court on the respondent's Motion to Dismiss as Moot the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**docket entry no. 24**]. Having reviewed the Motion, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds and orders as follows:

## I. BACKGROUND AND PROCEDURAL HISTORY

On January 13, 2003, while incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi, pro se petitioner Frank Wayne Johnson filed a § 2241 petition for a writ of habeas corpus with this Court[1], wherein he challenges a sentence[2] credit determination made by the Bureau of Prisons. On January 29, 2004, this Court ordered the case transferred to the United States District Court for the Southern District of Texas, Houston Division. On February 24, 2004, the case was transferred back to

---

[1] The style of that action was "Frank Wayne Johnson v. Michael Pettiford, 5:03cv14-BrSu."

[2] According to his petition, Johnson was serving a sentence imposed by the United States District Court for the Eastern District of California for his conviction of possession with intent to distribute methamphetamine. (Pet. 2.)

this Court from the United States District Court for the Southern District of Texas, Houston Division.

On or about April 19, 2004, the petitioner was released from prison and the custody of the Bureau of Prisons and began serving a five-year term of supervised release. On August 20, 2004, this Court issued an Order [docket entry no. 4] whereby, pursuant to Rule 7.2(C)(2) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi, it granted the respondent's Motion to Dismiss [docket entry no. 3] on account of Johnson's failure to file a timely response to said Motion. Following the petitioner's appeal of the Court's August 20, 2004 Order, the United States Court of Appeals for the Fifth Circuit vacated the Court's judgment and remanded the case to this Court for further proceedings. Docket entry no. 10; Johnson v. Pettiford, 442 F.3d 917 (5th Cir. 2006).

In its per curiam opinion, the Fifth Circuit stated that this Court erred in dismissing the case with prejudice merely because Johnson failed to comply with Local Rule 7.2(C)(2). However, before reaching its decision the appellate panel addressed sua sponte whether the § 2241 petition was moot. The Fifth Circuit determined that, even though he had finished serving his term of imprisonment and was currently on supervised release, the petitioner was still considered to be "in custody." However, the appellate court noted that "'some concrete and continuing injury

2

other than the now-ended incarceration or parole — some 'collateral consequence' of the conviction — must exist if the suit is to be maintained.'" Johnson, 442 F.3d at 918 (quoting Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998)). Relying upon the Supreme Court's decision in United States v. Johnson, 529 U.S. 53, 58-60, 120 S. Ct. 1114, 1118-19, 146 L. Ed. 2d 39 (2000), and a Ninth Circuit opinion styled Mujahid v. Daniels, 413 F.3d 991, 994-95 (9th Cir. 2005), the Fifth Circuit decided that Johnson's petition was not moot because of "the possibility that the district court may alter Johnson's period of supervised release pursuant to 18 U.S.C. § 3583(e)(2), if it determines that he has served excess prison time . . . ." Id.

Following remand of the case to this Court, United States Magistrate Judge James C. Sumner filed a Report and Recommendation on July 17, 2007 [docket entry no. 21] wherein he opined that Johnson's § 2241 petition should be dismissed without prejudice. On July 27, 2007, the petitioner timely filed his Objections [docket entry no. 22] to the magistrate judge's Report and Recommendation.

Before this Court conducted a de novo review of the Report and Recommendation, on December 18, 2007, the respondent filed his Motion to Dismiss as Moot the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [docket entry no. 24]. In his Motion, the respondent contends that there is no longer an Article III case or

controversy before the Court because the petitioner was released from his five-year period of supervised release by an August 28, 2007 Order of his sentencing court, the United States District Court for the Eastern District of California. That Motion is now before the Court.

## II. ANALYSIS

On August 28, 2007, the United States District Court for the Eastern District of California issued an Order[3] discharging Johnson from supervised release prior to the scheduled April 19, 2009 expiration date. Thus it is clear that the petitioner has obtained the relief which he was seeking in his § 2241 petition — — — i.e. the alteration of his supervised release to reflect excess prison time served. Johnson has not urged that any other collateral consequences have arisen from the sentence credit determination by the Bureau of Prisons of which he complains, and the Court will not presume the existence of collateral consequences where the petitioner is not challenging the propriety of his conviction. Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986)(per curiam); Billingsley v. Dretke, 2006 WL 1825164, at *3 (N.D. Tex. June 29, 2006); Thrasher v. Crosby, 2005 WL 941022, at *3 (N.D. Fla. March 15, 2005)(report and recommendation adopted 2005 WL

---

[3] See "Order Terminating Supervised Release Prior to Expiration Date," United States District Court for the Eastern District of California docket entry no. 139 in the matter styled "United States v. Johnson, 2:93cr00089-01," attached to the instant Motion as Ex. 1 [docket entry no. 24-2].

4

927394 (N.D. Fla. Apr. 19, 2005)); Becket v. Nash, 2003 WL 23024534, at *2 (E.D. Pa. Dec. 11, 2003); cf. Spencer v. Kemna, 523 U.S. 1, 13-14, 118 S. Ct. 978, 986, 140 L. Ed. 2d 43 (1998); Lane v. Williams, 455 U.S. 624, 631, 102 S. Ct. 1322, 1327, 71 L. Ed. 2d 508 (1982). Therefore, for these reasons the Court finds that Johnson's § 2241 Petition for Writ of Habeas Corpus has become moot.

"It is well-established that the jurisdiction of federal courts extends only to actual cases and controversies and that [courts] therefore lack jurisdiction in cases that become 'moot.'" Perschall v. Louisiana, 174 F.3d 197 (5th Cir. 1999)(per curiam)(unpublished opinion)(citing Spencer, 523 U.S. at 7, 118 S. Ct. at 983). Accordingly, the Court finds the instant action is no longer justiciable under Article III, § 2, cl. 1 of the United States Constitution and should be dismissed.

### III. CONCLUSION AND ORDER

Based upon the foregoing,

**IT IS HEREBY ORDERED** that the respondent's Motion to Dismiss as Moot the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**docket entry no. 24**] is **GRANTED**.

**IT IS FURTHER ORDERED** that the action is **DISMISSED FOR MOOTNESS**.

**SO ORDERED**, this the 26th day of December 2007.

                                 s/ DAVID BRAMLETTE

                                 UNITED STATES DISTRICT JUDGE